**TIFFANY & BOSCO**
P.A.
**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-20653

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Nicholas F. Majersky, Jr. and Donna J. Rood<br>      Debtors.<br>_____<br>U.S. Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2004-7<br>      Movant,<br>  vs.<br><br>Nicholas F. Majersky, Jr. and Donna J. Rood, Debtors, Edward J. Maney, Trustee.<br><br>      Respondents. | No. 2:10-BK-18201-GBN<br><br>Chapter 13<br><br>ORDER<br><br>(Related to Docket #17) |

    Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefore,

    IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated August 27, 2004 and recorded in the office of the Maricopa County Recorder wherein U.S. Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2004-7 is the current beneficiary and Nicholas F. Majersky, Jr. and Donna J. Rood have an interest in, further described as:

> Lot 351, BRAEMAR GLEN UNIT 5, a subdivision recorded in Book 177 of Maps, page 32, records of Maricopa County, Arizona.

IT IS FURTHER ORDERED that Movant may contact the Debtors by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.